Manly, J.
 

 Traditionary evidence has long been received by the courts of North Carolina in questions of private boundaries, as well as public. This has been recognised by the Judges as a departure from the rules of the common law, but, nevertheless, it has been adhered to without deviation. It is now settled, that hearsay from a deceased person, is competent in questions of boundary between private estates. The
 
 *47
 
 necessity for such a departure from the common law principle grew out of the inartificial manner in which the lands of the State were originally surveyed and marked, making it necessary, in order to fix the position of the respective parcels, to resort more frequently to tradition, and to give this kind of evidence greater efficiency by enlarging its limits. Whatever may have been the reason, this extended use of hearsay, according to the rule above laid down, is now firmly established.
 

 The precise point, and the only one presented in the bill of exceptions is, 'whether the declaration of a deceased person is admissible to establish a corner tree, which is not in view at the time of the declaration, but the position of which is described by the declarant, so that it is found by a witness.
 

 We can perceive no reason why such testimony is not admissible. The hearsay becomes definite bj1- the aid of the witness, who, following the directions given, finds the tree, and while it might be considered as of doubtful admissibility, disconnected from the evidence of the living witness, yet, aided by that, it seems to us clearly competent. We do not wish to be understood as laying down a rule that declarations of deceased persons as to córner or line-trees not in view, would be incompetent. That might depend upon whether their positions were so defined by the declarant as to make it practicable to identify them, or prove their location to the satisfaction of the Court and jury. The point before us is, whether the hearsay evidence offered, connected with the other testimony, giving it definitiveness, was properly left to the jury, and that, only, we undertake to decide.
 

 The force of the proof would, of course, depend upon the identification of the tree, found, with the tree meant by the deceased, which was properly submitted as a matter of fact, we suppose, to the j nry. Assuming it to be the tree meant, it was established to be a
 
 corner
 
 by proof, equal to the case of the deceased, on the spot, placing his hand upon the tree and making the declaration ; and more cogent than the declaration of the deceased showing a spot, where (as he said) a
 
 *48
 

 corner tree
 
 had stood, or showing a stump, upon which a marked tree once grew; and yet, these two latter cases, as well as the first, have been sanctioned by judgments of this Court. The case now before us is stronger than the last mentioned, for the reason, that when witnesses are equally credible, a fact, which is irrefragably inferred from other facts established by separate witnesses, is more credible than if one witness had sworn to it. The pertinency and force of these considerations will be seen, when we advert to the ground of the objection to the evidence, via, its want of definitiveness and significance-. The case of
 
 Mendenhall
 
 v.
 
 Cassels,
 
 3 Dev. and Bat. Rep. 49, was an attempt to show, by common reputation, that a parcel of land of 100 acres, was embraced somewhere within four grants of twelve thousand five hundred acres each. The Court said that was too indefinite to amount to any evidence of the fact, and excluded it. In that case, there was no ancillary proof to give point or location to. the hearsay.
 

 Our conclusion is, it was not error in the Judge to allow the entire declarations of the deceased person, connected with the other testimony in the cause, to- g’o to the jury, and the judgment is,, therefore,, affirmed.
 

 Per Curiam,
 

 Judgment affirmed.